IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EARL McKNIGHT, #249-304,     *
      Plaintiff,
                                  *

  v.                               CIVIL ACTION NO. DKC-06-1269
                                  *

WARDEN,
      Defendant.     *
                                  ******

## MEMORANDUM

On May 17, 2006, Plaintiff filed correspondence with the court which was construed as a civil rights complaint filed pursuant to 42 U.S.C. §1983. Paper No. 1. Counsel for Defendant has filed a Motion for Summary Judgment. Paper No. 14. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion for Summary Judgment shall be granted.

### 1. Factual Background

Plaintiff stated that he was housed on protective custody at the Jessup Correctional Institution (JCI)[2] after he was assaulted on two separate occasions. At the time he filed this case, he was assigned to a cell with another inmate. He stated that he required a single cell because he could be attacked by a cell mate. He asked the administration to place him on single cell status. Paper No.1.

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on November 15, 2006, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 17. (The previously mailed *Roseboro* notice had been inadvertently sent to the wrong inmate. See Paper Nos. 15 and 16). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

[2] Formerly known as the Maryland House of Correction-Annex.

## 2. Analysis

Defendant attached the declaration of Mike Miller, Case Management Manager at the Jessup Correctional Institution to the Motion for Summary Judgment. Mr. Miller averred that Plaintiff had been housed on protective custody since 1998 and that his sanitation job on protective custody brought him into contact with other protective custody inmates. Paper No. 14, Ex. 1. Mr. Miller further averred that Plaintiff did not have any listed enemies at JCI and was, as of October 19, 2006, housed in a single cell on protective custody. *Id*.

The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer housed with another inmate, his request for injunctive relief has been rendered moot. Consequently, Defendant's Motion for Summary Judgment shall be granted. A separate Order follows.

|   March 30, 2007   | _____**/s/**_____ |
|---|---|
|   Date | DEBORAH K. CHASANOW |
|  | United States District Judge |